```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Alonzo Marcus Felton, #301080, ) | C/A No. 8:12-1290-SB-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections ) | |
| Division of Classification, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Alonzo Marcus Felton ("Plaintiff"), proceeding *pro se*, brings this civil action against the South Carolina Department of Corrections ("SCDC") Division of Classification. Plaintiff is incarcerated at the Kershaw Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

Background

Plaintiff alleges he was released from Lieber Correctional Institution on July 1, 2005, and thereafter he served two years and seven months on probation. Compl. 3. He alleges on February 10, 2008, he appeared in Marion County before Judge Thomas Russo on a probation violation charge. He alleges he was sentenced "10 years off a suspended sentence." *Id.* Allegedly, the state judge ordered that he must be given credit "for pre-revocation hearing detention time on current probation violation to be calculated and applied by the South Carolina Department of Correction[s] and that the defendant has previously served (4) years on this sentence." *Id.* Plaintiff alleges the SCDC determined that his sentence should be 65% of ten years, but it erred by not giving him credit for the four years of time he had served. *Id.* Plaintiff did not request any relief on the complaint form. Compl. 4.

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never

squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

If Plaintiff intended this action as a civil action filed pursuant to 42 U.S.C. § 1983 to vindicate violations of his constitutional rights, he failed to state a claim on which relief may be granted. He failed to name as a defendant a person who allegedly violated his constitutional rights. A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Defendant SCDC Division of Classification may be a building or department, or, at most an alleged group of people employed in a department. However, groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).

Also, buildings and departments are not considered persons amenable to suit under § 1983. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1133 (S.D. Fla.1990) (dismissing city police department as improper defendant in § 1983 action because it was not a "person" under the statute).

Moreover, because Plaintiff asked for no relief, he failed to state a claim on which relief may be granted. Even applying liberal pleading standards as required by the Supreme Court in *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007), and Rule 8 of the Federal Rules of Civil Procedure, there is no demand for relief in the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). *Cf. Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). When a litigant has failed to ask for relief, a federal district court is faced with the prospect of rendering an advisory opinion or opining on an issue not before the court. *See Richmond Med. Ctr. For Women v. Herring*, 570 F.3d 165 (4th Cir. 2009). Federal courts are prohibited by Article III of the Constitution from issuing advisory opinions. *Id.* at 172; *United States v. McClure*, 241 F. App'x 105, 107-08 (4th Cir. July 10, 2007); *Wilson v. Strait*, C/A No. 2:09-2889-RBH, 2009 WL 4890928, *3 (D.S.C. Dec. 17, 2009) (explaining that when a litigant fails to ask for relief the court is faced with rendering an advisory opinion, which it may not do).

Further, the SCDC is a department of the State of South Carolina that has Eleventh Amendment immunity from a suit for damages brought in this Court. *See Belcher v. South*

*Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). Under *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984), a state must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Therefore, this action may also be dismissed based on immunity.

Lastly, if this Court should liberally construe and recharacterize the substance of the Complaint as seeking relief available pursuant to a writ of habeas corpus — earlier release from prison, this action is repetitive to Plaintiff's pending action pursuant to 28 U.S.C. § 2254. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (federal courts sometimes will recharacterize a motion to place it within a different legal category). *See also* Report and Recommendation, *Felton v. South Carolina Dep't of Corr.; State Classification*, C/A No. 8:12-1023-SB-JDA (D.S.C. May 16, 2012) ("*Felton I*"), ECF No. 10. From a review of *Felton I*, it is clear that the Complaint *sub judice* states the same factual allegations against the same defendant. The Court will not entertain two separate, identical lawsuits filed by the same individual against the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy. *See, e.g., Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'") (citation omitted).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

                                                     s/Jacquelyn D. Austin

                                                     Jacquelyn D. Austin
                                                     United States Magistrate Judge

May 31, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).